# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### BRYSON CITY DIVISION
#### 2:07cv19

| | | |
|---|---|---|
| **ROSS W. ADAMS, SR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **Vs.** | ) | **ORDER** |
| | ) | |
| **UNITED STATES FOREST SERVICE;** | ) | |
| **NANCY ADAMS, Trustee for Mattie** | ) | |
| **Adams; and JUDY CLARK,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the court on defendant United States Forest Service's Motion to Dismiss. Having initially considered such defendant's motion and reviewed the pleadings, the court enters the following findings and Order.

In accordance with <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), plaintiff, who is proceeding *pro se*, is cautioned that he carries a heavy burden in responding to a motion to dismiss for lack of subject matter jurisdiction and failure to state a cause of action. Rule 12(b)(1), Federal Rules of Civil Procedure, provides for dismissal of a cause of action over which the court lacks subject matter jurisdiction; Rule 12(b)(6), Federal Rules of Civil Procedure, provides for dismissal where a party has failed to state a cause of action as a matter of law. In this case, the moving defendant contends that this court lacks subject matter jurisdiction over it because the United States of America is not amenable to suit under 42, United States Code, Sections 1983 or 1985. Section 1983 specifically provides as follows:

1

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any ***State or Territory or the District of Columbia***, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983 (emphasis added). To state a cause of action under Section 1983, plaintiff must allege deprivation of a right secured by the Constitution or other law of United States by a person acting under color of state law. The United States of America does not act under the color of any state law.

This language means that in responding to the motion to dismiss, plaintiff must show that he has made such allegations or that he could make such allegations in an amended complaint. Plaintiff is advised that this is a legal impossibility inasmuch as no one can sue the United States of America under Sections 1983 and 1985 of Title 42.. Plaintiff is advised that if he fails to respond to defendant's motion, the court will summarily recommend that his claim(s) against the moving party be dismissed. Plaintiff is advised that he has the right, prior to any party filing an answer, to either amend his Complaint or take a voluntary dismissal of his action. <u>See</u> Fed.R.Civ.P. 15(a) & 41(a).

While plaintiff has the right to proceed in this court without the assistance of counsel, plaintiff is strongly advised that such course of action is not advisable in federal court, and that valuable legal rights can be lost without the assistance of an attorney.

## ORDER

**IT IS, THEREFORE, ORDERED** that plaintiff respond to defendant United States Forest Service's  Motion to Dismiss within 14 days of the filing of this Order.

Signed: September 27, 2007

Dennis L. Howell
United States Magistrate Judge