IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION

CIVIL NO. 2:07CV19

| | |
|---|---|
| ROSS W. ADAMS, SR., )<br>)<br>Plaintiff, )<br>)<br>Vs. )<br>)<br>UNITED STATES FOREST SERVICE; )<br>NANCY ADAMS, Trustee for Mattie )<br>Adams, and JUDY CLARK, )<br>)<br>Defendants. )<br>) | **ORDER OF DISMISSAL** |

**THIS MATTER** is before the Court on an "answer to memorandum and recommendation of Oct 10 2007" filed by Plaintiff and a motion to dismiss by Defendants Nancy Adams, Trustee for Mattie Adams, and Judy Clark.

Plaintiff, who is *pro se*, alleges in his complaint that he is "being denied access to [his] property in Cherokee County[,] North Carolina[,] without due process of law as per the United States Constitution." **Complaint, filed September 4, 2007, at 3.** Specifically, he alleges that Defendant, the United States Forest Service (Forest Service), "has placed

a large dirt pile in the old logging road going to my property in Cherokee County[,] North Carolina.  They have placed a sign telling me not to enter.  This prevents me from logging my property and otherwise using my property as I wish." *Id.*  Plaintiff alleges that the other named Defendants, Nancy Adams and Judy Clark (the Adams Defendants), have "conspired" with the Forest Service to stop Plaintiff from accessing his property.  *Id.* **at 4.**  As a basis for his allegations, Plaintiff cites the Fourteenth Amendment to the United States Constitution and Title 42 U.S.C. §§ 1983 and 1985.  *Id.* **at 1, 4.**  He requests relief in the form of "a 60 right away" – which the Court construes to mean a 60 foot right of way – "along the old logging road presently going to my property." *Id.* **at 5.**

## I. PLAINTIFF'S "ANSWER"

The Forest Service alleged that Plaintiff's complaint lacked subject matter jurisdiction and failed to state a claim for which relief could be granted and moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) and (b)(6).  **Defendant United States Forest Service's Motion to Dismiss, filed September 26, 2007, at 1-2.**  Upon receipt of the Forest Service's motion, and taking into consideration the

Plaintiff's *pro se* status, the Magistrate Judge filed an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). **Order, filed September 27, 2007.** The order cautioned Plaintiff that he carried a heavy burden in responding to a motion to dismiss under Rule 12(b)(1) and (b)(6). *Id.* **at 1.**

Following an answer by Plaintiff, to which the Forest Service replied, the Magistrate Judge filed his Memorandum and Recommendation that the Forest Service's motion to dismiss be granted and Plaintiff's complaint be dismissed with prejudice as to all parties. **Memorandum and Recommendation, filed October 10, 2007.**

Defendant filed an "answer" to the Memorandum and Recommendation, which states, in its entirety:

> I disagree with everything in this 12 page document. I don't know who composed it but I don't believe that Judge Howell did or probably did not even read it, but he did sign it.
>
> This case is very simple. Does a citizen of the United States have the right to sue the United States Forest Service for violating his civil rights under the U.S. Constitution.
>
> The District Attorneys office and the Court is trying to confuse the issue. The U.S. Forest Service thinks they are above the law and they don't have to answer to anybody. They should be subject to judicial review.

> It is outrageous that the Court would threaten me with incarceration. Judge Howell should not make a recommendation in this case. I don't know why he is involved in this to start with. I think that both documents that Judge Howell signed should be stricken and that he should be admonished.
>
> <u>Please do not dismiss this case.</u>

**Plaintiff's Answer to Memorandum and Recommendation of October 10, 2007, filed October 25, 2007, at 1-2 (errors in original).**

A party may file written objections to a magistrate judge's memorandum and recommendation within ten days after being served with a copy thereof. **28 U.S.C. § 636(b)(1).** "Any written objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections." ***Thomas v. Westinghouse Savannah River Co.*, 21 F. Supp. 2d 551, 560 (D.S.C.1997);** *see also Battle v. U.S. Parole Comm'n*, **834 F.2d 419, 421 (5th Cir.1987) ("Parties filing objections must specifically identify those findings objected to.").** "Frivolous, conclusive or general objections need not be considered by the district court." ***Battle*, 834 F.2d at 421.** "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on

the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." **Aldrich v. Bock, 327 F. Supp. 2d 743, 747 (E. D. Mich. 2004).**

General or conclusive objections result not only in the loss of de novo review by the district court, but also in waiver of appellate review. **Tyler v. Beinor, 81 F. App'x 445, 446 (4th Cir. 2003); United States v. Woods, 64 F. App'x 398, 399 (4th Cir. 2003).** If proper objections are made, a district court will review the objections under a de novo standard. **28 U.S.C. § 636(b)(1).** Where no objection is made, however, the Court need "'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" **Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, Advisory Committee note), cert. denied, 546 U.S. 1091 (2006).**

In this case, Plaintiff's brief and vituperative "answer" – nearly every sentence of which is calculated to insult the Court – fails to state any objections to the Magistrate Judge's recommendation with sufficient specificity to preserve them for review. After a careful review of the record,

the Court concludes that there is no clear error in the Magistrate Judge's recommendation, and it is hereby adopted in full.

## II.  ADAMS DEFENDANTS' MOTION TO DISMISS

The Adams Defendants have also filed an answer to Plaintiff's complaint and moved to dismiss for lack of subject matter jurisdiction. **Motions to Dismiss, filed October 15, 2007; Defendants' Answer, filed October 15, 2007.**  Pursuant to the Adams Defendants' motion to dismiss, the Court issued a second *Roseboro* order, similar to the first order issued by the Magistrate Judge.  **Order, filed October 30, 2007.**  This Order allowed Plaintiff 15 days to respond to the Adams Defendants' motion.  ***Id.* at 2.**  He was also advised that, if he failed to answer the motion to dismiss, it would be summarily granted by the Court.  ***Id.***

Defendant's response was due November 14, 2007.  No reply has been forthcoming, and the Court concludes that the Adams Defendants' motion to dismiss should be granted.

## III. ORDER

**IT IS, THEREFORE, ORDERED** that the separate motions to dismiss filed by the Forest Service and the Adams Defendants are hereby **GRANTED**, and Plaintiff's complaint is hereby **DISMISSED WITH PREJUDICE**.

Signed: November 30, 2007

Lacy H. Thornburg
United States District Judge